IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLORENCE DOUGLAS,

      Plaintiff,

      vs.

TEEN TRIUMPH (HUMAN SERVICES PROJECTS), et al.,

      Defendants.

No. CIV S-07-1222 MCE EFB PS

<u>ORDER</u>

/

    This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under E. D. Cal. L. R. ("Local Rule") 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Although filed on June 22, 2007, the case was referred to the undersigned on January 7, 2009.

    Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security therefor. Accordingly, plaintiff's request to proceed *in forma pauperis* will be granted.

    Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss such case at any

1

1  time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious,
2  fails to state a claim on which relief may be granted, or seeks monetary relief against an immune
3  defendant.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984).  The critical inquiry is whether the claims, however inartfully pleaded, have an
6  arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989);
7  *Franklin*, 745 F.2d at 1227.

8   Additional grounds for dismissing a proposed complaint are improper form (Fed. R. Civ.
9  P. 10), and lack of subject matter jurisdiction (Fed. R. Civ. P. 12(h)(3)).  Plaintiff bears the
10 burden of demonstrating this court's jurisdiction, specifically, the existence of  a federal claim.
11 *See, e.g., Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir.1990) (federal subject matter
12 jurisdiction over Title VII claim established by exhaustion of administrative remedies).

13 The complaint must also comply with general rules of pleading, as set forth in Fed. R.
14 Civ. P. 8(a), which requires clear statements of:  (1) the court's jurisdiction, (2) plaintiff's legal
15 claims, and (3) the relief sought.  Although *pro se* pleadings are liberally construed, *see Haines
16 v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro so* plaintiff must still satisfy the pleading
17 requirements of Rule 8(a), "in order to 'give the defendant fair notice of what the . . . claim is
18 and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)
19 (*quoting Conley v. Gibson*, 355 U.S. 41 (1957)).  Even if the factual elements of the cause of
20 action are present, but are scattered throughout the complaint and are not organized into a "short
21 and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  *See
22 McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth
23 "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

24 Plaintiff alleges in her complaint that she was wrongfully terminated from her
25 employment with defendant Human Services Projects, Inc., a nonprofit organization, and
26 retaliated against by her supervisors, for reporting sexual harassment by another employee.

1  Plaintiff also asserts that her compensation did not equal the amount for which she had
2  contracted, and that she incurred unpaid mileage expenses as a result of using her personal
3  vehicle for work purposes.  The complaint cites no law, and does not indicate the relief plaintiff
4  seeks.  One of the individual defendants named on the title page of the complaint (as well as
5  "others involved in this matter at hand") are not referenced in the body of the complaint.  Nor
6  does plaintiff reference any related administrative proceedings or allege that such proceedings
7  have been exhausted.  The court is unable to ascertain from the allegations whether plaintiff has
8  set forth a legally cognizable claim and the complaint must be amended.

9  The complaint will, therefore, be dismissed with leave to file an amended complaint
10 within thirty days.  If plaintiff chooses to amend the complaint, she must demonstrate that she
11 has a federal claim over which this court has jurisdiction, the statutory basis for the claim, the
12 involvement of each defendant, and the relief sought.  The amended complaint must be complete
13 in itself without reference to any prior pleading.  *See* E.D. Cal. L. R. 15-220; *Loux v. Rhay*, 375
14 F.2d 55, 57 (9th Cir. 1967).

15 Accordingly, the court HEREBY ORDERS that:

16 1. Plaintiff's application to proceed *in forma pauperis* is granted;

17 2. Plaintiff's complaint is dismissed with leave to file an amended complaint within
18 thirty days after the filing date of this order; and

19 3. Failure to comply will result in a recommendation that this action be dismissed.

20 DATED: January 29, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE